UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TYRONE WILLIAMS, ) | CASE NO. 1:13 CV 2395 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| DIRECTOR OSU HOSPITAL, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On October 29, 2013, plaintiff *pro se* Tyrone Williams, an inmate at the Cuyahoga County Jail, filed this action under 42 U.S.C. § 1983 against the Director of OSU Hospital and Ohio State University. The brief complaint filed by plaintiff in this case is unclear, but appears to allege a physician at the "O.S.U. Heart Center" diagnosed plaintiff with MRSA.[1] Plaintiff alleges he has MRSA and scar tissue in his lungs and gets winded more quickly now.

The specific events and omissions of which plaintiff complains occurred in Columbus, Ohio, where defendants are located. Columbus is located in the Southern District of Ohio. Therefore, the Southern District of Ohio is the only proper venue for this matter. 28 U.S.C. §

---

[1] "Methicillin-resistant *Staphylococcus aureus* (MRSA) is a bacteria that is resistant to many antibiotics. In the community, most MRSA infections are skin infections. In medical facilities, MRSA causes life-threatening bloodstream infections, pneumonia and surgical site infections." See, http://www.cdc.gov/mrsa/.

1391(b).[2]

An improperly venued action shall be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. § 1406(a).  For the reasons stated below, the court finds that it would not be in the interest of justice to transfer this matter, and this action must be dismissed.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

---

[2] Title 28 U.S.C. § 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Where state officials show deliberate indifference to serious medical needs of prisoners, such conduct amounts to cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, the Supreme Court has made it clear that mere negligence in diagnosing or treating a medical condition does not state a valid Eighth Amendment claim. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* Furthermore, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Plaintiff does not allege facts even suggesting the sort of "unnecessary and wanton infliction of pain" necessary to give rise to a valid Eighth Amendment claim. *Estelle*, 429 U.S. at 105. Thus, even liberally construed, the complaint does not set forth a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief)

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 3/26/14